**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**SYLVESTER F. PLEASANT, JR.**,

    Petitioner,

v.                                                                       Civil Action No. **3:19CV684**

**D.W. CALL,**

    Respondent.

**MEMORANDUM OPINION**

Sylvester F. Pleasant, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 7) challenging his convictions in the Circuit Court of the County of Portsmouth, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of *Roseboro* notice, Pleasant filed no response. For the reasons set forth below, the Motion to Dismiss (ECF No. 12) will be GRANTED.

**I. PROCEDURAL HISTORY**

The Circuit Court convicted Pleasant of first-degree murder, attempted first-degree murder, attempted second-degree murder, malicious wounding, and four counts of use of a firearm in the commission of a felony and, on December 1, 1995, sentenced him an active sentence of 58 years of incarceration. *Commonwealth v. Pleasant*, No. CR95–1522, at 1–2 (Va. Cir. Ct. Dec. 5, 1995.) Pleasant appealed. On June 26, 1996, the Court of Appeals of Virginia denied his petition for appeal. *Pleasant v. Commonwealth*, No. 2927–95–1, at 1 (Va. Ct. App. June 26, 1996). On September 17, 1996, the Supreme Court of Virginia refused his petition for appeal. *Pleasant v. Commonwealth*, No. 961448, at 1 (Va. Sept. 17, 1996.)

On July 24, 2000, Pleasant filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Pleasant v. Dir. of the Dep't of Corr.*, No. 001785 (Va. filed July 24, 2000). On September 19, 2000, the Supreme Court of Virginia dismissed Pleasant's habeas petition as untimely pursuant to section 8.01–654(A)(2) of the Virginia Code. *Pleasant v. Dir. of the Dep't of Corr.*, No. 001785, at 1 (Va. Sept. 19, 2000). On November 3, 2000, the Supreme Court of Virginia subsequently denied a petition for rehearing. *Pleasant v. Dir. of the Dep't of Corr.*, No. 001785, at 1 (Va. Nov. 3, 2000).

On September 5, 2019, Pleasant filed the original § 2254 Petition for this action.[1] Pleasant asserts the following claims for relief:[2]

Claim One: Counsel rendered ineffective assistance because
(a) "counsel knew before trial that" he had "a mental disability but did not allow a specialist . . . to evaluate me to see if I was mentally capable enough to stand trial;"
(b) he "was aware that I was heavily intoxicated" but did not "try to have my coerced statement thrown out of court;"
(c) he "never tried to have witness's statement thrown[] out of court due to perjury;" and,
(d) he failed to investigate Detective Hikes and learn that he "was related to 2 other victims in case." (ECF No. 7, at 7.)

Claim Two: "Conflict of interest of homicide Detective Melvin Hikes/Related to victims in case." (*Id.* at 9.)

Claim Three: "Fraudulent conviction." (*Id.* at 11.)

Claim Four: "Bias[ed] judge" because the judge presided over Pleasant's prior criminal proceedings. (*Id.* at 12–13.)

---

[1] This is the date on which Pleasant indicates that he gave his initial § 2254 Petition to the prison mailroom. (ECF No. 1, at 14). The Court deems Pleasant's § 2254 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court corrects the capitalization, punctuation, and spelling in the quotations from Pleasant's submissions. The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions.

## II. ANALYSIS

**A.  Statute of Limitations**

Respondent contends that, *inter alia*, the federal statute of limitations bars Pleasant's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Commencement and Running of the Statute of Limitations**

Pleasant's conviction became final on Monday, December 16, 1996, when the time to petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins

running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

The limitation period began to run on December 17, 1996 and expired on December 17, 1997. Pleasant filed his state habeas petition on July 24, 2000, more than two and half years after the expiration of the limitation period. Thus, he lacks entitlement to any statutory tolling. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Further, neither Pleasant nor the record suggests any plausible basis for equitable tolling[3] or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D).[4] Accordingly, the statute of limitations bars the § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. Pleasant's § 2254 Petition (ECF No. 7) will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether

---

[3] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[4] At most, Pleasant discusses timeliness with respect to problems with his property, the mail, and a lack of access to court documents during transfers in 2019. (ECF No. 7, at 17.) Pleasant's § 2254 Petition was untimely as of 1997. Petitioner fails to provide any argument about why he did not file his § 2254 Petition prior to the expiration of the limitations period in 1997.

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & 4 (1983)). Pleasant fails to meet this standard.  A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date:  May 4, 2020
Richmond, Virginia